UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 22-CV-8858

ALEJANDRO CANTO, on behalf of himself,
and all others similarly situated,

    Plaintiff,
v.

BKCOIN MANAGEMENT, LLC,
CARLOS BETANCOURT, AND KEVIN KANG

    Defendants.
_____/

### PROTECTIVE ORDER AND ORDER ON DISCOVERY

Plaintiff Alejandro Canto ("Plaintiff") has requested the entry of a Protective Order ("Order") to govern the production of documents in the above-captioned proceedings. The Court has determined that the terms set forth herein are appropriate to protect the confidentiality of certain confidential and non-public material that will be exchanged pursuant to and during the course of discovery in this case.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. <u>Scope.</u> All materials produced or adduced in the course of discovery, including, but not limited to, responses to discovery requests, deposition testimony and exhibits, electronically stored information ("ESI"), and all materials and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculations of time periods.

1

2. <u>Definitions</u>: "Party" or "Parties" shall mean Plaintiff, Defendants BKCoin Management, LLC, Carlos Betancourt, and Kevin Kang, ("Defendants"), and any subpoenaed third-party. "Producing Party" shall mean a Party, including (for avoidance of doubt) a subpoenaed third-party, that produces Discovery Material or otherwise discloses information through discovery. "Designating Party" shall mean a Party, including (for avoidance of doubt) a subpoenaed third-party, that designates information or items that it or any other Party possesses or produces in Discovery Material as "Confidential" as this term is defined below. "Receiving Party" shall mean a Party, including (for avoidance of doubt) a subpoenaed third-party, that possesses or receives Discovery Material from a Producing Party.

3. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the Producing Party including information, whether contained in documents, testimony, or otherwise, that constitutes trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, or other information the disclosure of which would in the good faith judgment of the Party designating the Discovery Material as "Confidential," be non-public information or detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients. Confidential information is information that is maintained in confidence and that is not commonly or publicly known. Information designated as CONFIDENTIAL may also include information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or by agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has

maintained or considers as confidential; (d) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, 1099 forms, W-8 forms, and other tax documents; (g) personnel or employment records of a person who is not a party to the case; or (f) other information that is not otherwise public information.

4. <u>Designation</u>.

    a. A Producing Party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    b. Designation of any documents or information as Confidential shall not preclude any Party from contending before the Court that such document does not qualify for confidential treatment under appropriate standards, or that confidential treatment is not warranted; shall not create any presumption that documents or

      information so designated is confidential; and shall not shift the burden of establishing entitlement to confidential treatment. The provisions of this Order shall not apply to any document designated as Confidential at the time of production subsequently (i) agreed in writing by the Producing Party not to be Confidential; or (ii) ruled by the Court not to be Confidential.

    c. The designation of a document as "CONFIDENTIAL" is a certification by an attorney and the Producing Party that the document contains Confidential Information as defined in this Order.

5. <u>Depositions</u>. Deposition testimony protected by this Order may be designated as "CONFIDENTIAL" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony protected by this Order may also be designated as CONFIDENTIAL" within fourteen (14) days after delivery of the transcript through service of a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information. The failure to either designate a portion of a deposition as Confidential Information on the record or to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information, unless (a) the parties agree to a different time for serving a Notice of Designation, (b) the Party files a motion to assert the late designation and obtains relief from the deadline from the Court for good cause shown, or (c) as otherwise ordered by the Court. Deposition testimony shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any Party or the witness.

6. <u>Protection of Confidential Material</u>.

    a. General Protections. Confidential Information designated as "CONFIDENTIAL" shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation. Discovery Materials designated as "CONFIDENTIAL" shall not be photographed, photocopied, or reproduced in any manner except in preparation of this litigation, and shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, the Receiving Party may not verbally share it with anyone except as explicitly provided for by this Order or as otherwise ordered by the Court.

    b. Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Discovery Materials designated "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review Discovery Materials designated "CONFIDENTIAL":

        (1) Counsel. Counsel for the Parties and employees or agents of counsel who have responsibility for the action;

        (2) Parties. Individual parties and employees or agents of a Party, but excluding any non-parties;

        (3)  The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have agreed in writing to abide by the same or more restrictive confidentiality requirements set forth in this Order;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have agreed in writing to abide by the same or more restrictive confidentiality requirements set forth in this Order;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have agreed in writing to abide by the same or more restrictive confidentiality requirements set forth in this Order. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

   (8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

   (9) Others by Consent. Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

  c. Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a Producing Party desires to designate a document as Confidential Information after it was initially produced, the Producing Party shall do so promptly upon discovery of the inadvertent production without the appropriate designation and the Receiving Party, on notification of the designation, must take prompt steps to assure the Discovery Material is marked CONFIDENTIAL" or returned to the Producing Party for confidential designation and treat the document in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the Discovery Material is subsequently designated Confidential Information.

8. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>. Inadvertent or unintentional production of documents or information containing information that should have been designated as privileged shall not be deemed a waiver in whole or in part of the Party's claims of privilege. Inadvertent productions or disclosures shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and any other applicable rules or orders.

9. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. If either party wishes to file a document designated as "CONFIDENTIAL," or if any motion, brief, or other submission incorporates Confidential Information, that party must move to file such document under seal in accordance with the individual rules of the presiding judge and Section 6 of the Court's ECF Rules & Instructions.

10. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any Discovery Material as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    a. Meet and Confer. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated Discovery Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within seven (7) business days.

    b. Judicial Intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged Discovery Material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Confidential Information under the terms of this Order.

    c. Action by the Court. Applications to the Court for an order relating to Discovery Materials or documents designated Confidential Information shall be by motion unless the Court's mechanism for resolving discovery disputes imposes different requirements, in which case those shall control. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

    a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Confidential Information, the Receiving Party must so notify the Designating

9

      Party, in writing, within three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party shall not interfere with respect to all reasonable procedures pursued by the providing Party to maintain the confidentiality of the Confidential Information.

  b. The Receiving Party also must within two (2) business days inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the Discovery Material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

  c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control of Confidential Information by any other Party to this case.

13. <u>Obligations on Conclusion of Proceedings.</u>

  a. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment.

    b. Obligations at Conclusion of Litigation. Within thirty (30) days after dismissal or entry of final judgment as referenced in the paragraph 13(a), all Confidential Information and documents marked "CONFIDENTIAL" under this Order shall be returned to the Producing Party or destroyed with a certification attesting to the destruction provided to the Producing Party unless the document has been offered into evidence or filed without restriction as to disclosure.

14. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

15. <u>No Prior Judicial Determination</u>. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information by counsel or the Parties is entitled to protection under Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. <u>Persons Bound.</u> This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

17. <u>Timing and Conditions of Discovery.</u> In light of this Court's previous order lifting the litigation stay against Carlos Betancourt,[1] the Court confirms that discovery is not stayed as to any party or non-party, including Min Woo "Kevin" Kang and BKCoin Management, LLC. Accordingly, the Court hereby confirms discovery in this action may proceed pursuant to Federal Rule of Civil Procedure 26(d)(1).

---

[1] ECF No. 52 ("The Clerk of Court is directed to lift the stay in this case as Defendant Carlos Betancourt only . . . .").

*The Clerk is directed to terminate ECF No. 60*

**SO ORDERED.**

**DONE** and **ORDERED** in Chambers at New York, New York on this 29th day of October, 2024.

_____
J. PAUL OETKEN
United States District Judge